UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RANDOLPH BUSBY, JR.,

        Petitioner,

v.

CASE NO. 15-10102
HONORABLE SEAN F. COX

CATHLEEN STODDARD,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION,
DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

    Petitioner Michael Randolph Busby, Jr., is a state prisoner currently confined at the Carson City Correctional Facility in Carson City, Michigan.  He recently filed a *pro se* habeas corpus petition challenging his state convictions for:  carjacking, Mich. Comp. Laws § 750.529a; first-degree home invasion, Mich. Comp. Laws § 750.110a(2); unarmed robbery, Mich. Comp. Laws § 750.530; unlawful imprisonment, Mich. Comp. Laws § 750.349b; and stealing a financial transaction device, Mich. Comp. Laws § 750.157n.  He alleges that a police officer illegally searched his cellular phone and that the state trial court relied on inaccurate information when scoring the sentencing guidelines.  Neither one of these claims is cognizable on habeas corpus review.  The Court therefore will summarily dismiss the petition.

**I. Background**

    Petitioner was convicted of the crimes listed above in 2011, following a jury trial in Oakland County Circuit Court.  The state trial court sentenced Petitioner as a habitual

offender to: thirty to sixty years in prison for the carjacking; ten to thirty years in prison for the home invasion, unarmed robbery, and unlawful imprisonment; and two to fifteen years in prison for stealing a financial transaction device. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished decision, *see People v. Busby*, No. 305055, 2012 WL 6720592 (Mich. Ct. App. Dec. 27, 2012), and on October 28, 2013, the Michigan Supreme Court denied leave to appeal because it was not persuaded the review the issues. *See People v. Busby*, 495 Mich. 880; 838 N.W.2d 698 (2013). On January 8, 2015, Petitioner filed his habeas corpus petition in this Court.

## II. Analysis

### A. The Search of Petitioner's Cell Phone

Petitioner alleges that the police illegally searched his cellular telephone without a warrant. Petitioner asserts that the illegal search led to his arrest and that the fruits of the search should have been suppressed rather than used at trial to persuade the jury to convict him.

Petitioner brings his claim under the Fourth Amendment to the United States Constitution. The Supreme Court, however, has held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (internal footnote omitted). "This prohibition on federal habeas review of exclusionary rule claims applies . . . to prisoners who received 'the opportunity for full and fair consideration' of their claims in state court." *Good v.*

*Berghuis*, 729 F.3d 636, 637-38 (6th Cir. 2013), *cert. denied,* No. 14-6114, 2015 WL 303260 (U.S. Jan. 26, 2015). "[T]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Id.* at 639.

In Michigan, defendants in criminal cases may challenge the legality of searches and seizures in a motion to suppress evidence, which may be brought before or during trial. *People v. Ferguson*, 376 Mich. 90, 93-95; 135 N.W.2d 357, 358-59 (1965). Petitioner raised his Fourth Amendment claim in a pretrial motion to suppress evidence. The state trial court held an evidentiary hearing on the motion and denied it. Petitioner also raised his Fourth Amendment claim in the Michigan Court of Appeals, which thoroughly addressed the issue on direct appeal. "That suffices to preclude review of the claim through a habeas corpus petition under *Stone v. Powell.*" *Good*, 729 F.3d at 640; *see also Rashad v. Lafler*, 675 F.3d 564, 570 (6th Cir. 2012) (stating that, because the petitioner had ample opportunities to present his Fourth Amendment claims in state court, and because the state trial court and the Michigan Court of Appeals rejected the claims, he was precluded from obtaining habeas relief.

In this case, moreover, the Michigan Court of Appeals determined that the disputed search was proper because it was incident to a lawful arrest and because it fell within the scope of Petitioner's initial consent to be searched by an officer. The Court of Appeals also determined that, even if constitutional error occurred, the error was harmless because a rational jury would have found Petitioner guilty without the disputed evidence. In reaching this conclusion, the Court of Appeals pointed out that

3

> [Petitioner's] fingerprints were found on a chair propped up against an open window on the outside of the victim's house, [he] was stopped near the victim's stolen car, [he] made incredible statements to the police, and [he] was wearing clothing that was consistent with the clothing worn by the suspect captured on an automated teller machine surveillance recording withdrawing funds from the victim's bank account.

*Busby*, 2012 WL 6720592, at *3.

Petitioner had an opportunity for full and fair consideration of his claim in state court. This Court therefore declines to address the merits of his Fourth Amendment claim. The claim is barred from substantive review in federal court by the *Stone v. Powell* doctrine.

### B.  The Sentence

In his second and final claim, Petitioner alleges that he was sentenced on the basis of inaccurate information, which significantly increased his sentence. The basis for this claim is the trial court's assessment of fifty points for offense variable seven (OV 7) of the Michigan sentencing guidelines. OV 7 is "aggravated physical abuse. Mich. Comp. Laws § 777.37(1). A score of fifty points is appropriate when "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." Mich. Comp. Laws § 777.37(1)(a). If no victim was treated that way, the correct score is zero. Mich. Comp. Laws § 777.37(1)(b).

Petitioner contends that there was no evidence his conduct was designed to substantially increase the victim's fear beyond the already heightened fear involved in being a robbery victim. The Court finds no merit in this claim because the state court's interpretation and application of state sentencing laws and guidelines is a matter of

state concern only, *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Federal courts must "defer to a state's judgment on issues of state law" and "accept a state court's interpretation of its statutes." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). Consequently, the contention that the trial court incorrectly calculated the state sentencing guidelines is not cognizable on federal habeas corpus review. *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

Petitioner attempts to couch his claim in constitutional terms. But to prevail on a claim that the trial court relied on inaccurate information in violation of the constitutional right to due process, Petitioner must show that his sentence was founded on "misinformation of constitutional magnitude," *United States v. Tucker*, 404 U.S. 443, 447 (1972), or on "extensively and materially false" information that he had no opportunity to correct through counsel, *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

The evidence in this case established that Petitioner broke into the home of an elderly woman who was dependent on oxygen intubation. He blindfolded the woman, tied her hands and feet, and threatened to harm her if she did not follow his directions. Although Petitioner was convicted of unlawful imprisonment, the Michigan Court of Appeals determined that blindfolding and threatening the victim while she was restrained were not necessary elements of unlawful imprisonment. The Court of Appeals also determined that the record evidence was sufficient to support the trial court's finding that Petitioner's conduct was designed to substantially increase the

victim's fear and anxiety.  The Court of Appeals therefore concluded that the trial court did not err when it scored fifty points for OV 7.

This Court concludes from the facts summarized in the state appellate court's decision that the state trial court did not rely on extensively or materially false information which Petitioner had no opportunity to correct through counsel.  Thus, to the extent Petitioner has raised a federal constitutional issue, his claim fails.

### III.  Conclusion

Petitioner's claims are not cognizable on habeas review, and even assuming that his sentencing claim raises an issue of constitutional law, the state appellate court's adjudication of the claim on the merits was not "contrary to" or "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  The state court's decision also was not "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d)(2). Accordingly, the habeas petition is summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases, "which allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court.' "  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting Rule 4).

### IV.  Denying a Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition.  Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]"  *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327.

Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong, nor conclude that the issues are adequate to deserve encouragement to proceed further.  The Court therefore declines to grant a certificate of appealability.  Nevertheless, if Petitioner chooses to appeal this decision, he may proceed *in forma pauperis* on appeal without further authorization because he was granted leave to proceed *in forma pauperis* in this Court, and an appeal could be taken in good faith.  Fed. R. App. P. 24(a)(3).


Dated:  February 27, 2015                                S/ Sean F. Cox
                                                         Sean F. Cox
                                                         U. S. District Judge


I hereby certify that on February 27, 2015, the foregoing document was served on counsel of record via electronic means and upon Michael Busby, Jr., via First Class mail at the address below:

Michael Randolph Busby, Jr.
258823
CARSON CITY CORRECTIONAL FACILITY
10274 BOYER ROAD
CARSON CITY, MI 48811


                                                         S/ J. McCoy
                                                         Case Manager